## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 15 2015, 9:51 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Marce Gonzalez, Jr, Dyer, Indiana | Gregory F. Zoeller Attorney General of Indiana |
| | Katherine Modesitt Cooper Deputy Attorney General Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ricardo Montanez, *Appellant-Defendant,* v. State of Indiana, *Appellee-Plaintiff* | October 15, 2015 Court of Appeals Case No. 45A03-1504-CR-130 Appeal from the Lake Superior Court The Honorable Clarence D. Murray, Judge Trial Court Cause No. 45G02-1407-F5-3 |

**Vaidik, Chief Judge.**

# Case Summary

Ricardo Montanez appeals the six-year sentence imposed after he pled guilty to Level 5 felony burglary. Montanez specifically argues that his sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

On July 20, 2014, Montanez broke into his neighbor Claudia Bussey's garage and took tools and other items belonging to Bussey and Cal Haddad. When officers from the Hammond Police Department arrived at the scene in response to an alarm from Bussey's garage, Montanez fled from the officers. The State charged Montanez with Level 5 felony burglary, Class A misdemeanor theft, and Class A misdemeanor resisting law enforcement. The State later filed an habitual offender sentence enhancement against him.

Pursuant to a plea agreement, Montanez pled guilty to Level 5 felony burglary. In exchange for his guilty plea, the State agreed to dismiss the misdemeanors and habitual offender enhancement. In addition, the parties left sentencing to the trial court's discretion. The evidence presented at the sentencing hearing reveals that forty-nine-year-old Montanez has amassed thirteen felony convictions and twenty-six misdemeanor convictions over the past thirty years. The offense in this case is Montanez's ninth felony burglary conviction. In the past, he has also violated both probation and parole.

[4]    After the State presented evidence of his prior convictions, Montanez apologized and told the trial court that this would be his last offense. The trial court responded as follows:

> Your record just flies in the face of anything you could say this morning in terms of any request for leniency. You continue to commit these offenses. You've got no one to blame but yourself. You make these decisions to commit these crimes, and it doesn't stop. . . . The State, correctly, points out that Mr. Montanez received a significant benefit from the plea agreement. There's absolutely no basis for leniency here. The Court will impose six years in the Department of Correction.

Tr. p. 27. Montanez appeals his sentence.

# Discussion and Decision

[5]    Montanez argues that his six-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[6]     As to the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Childress,* 848 N.E.2d at 1081. Montanez pleaded guilty to Level 5 felony burglary. Pursuant to Indiana Code section 35-50-2-6(b), a person who commits a Level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. Here, the trial court sentenced Montanez to the maximum sentence.

[7]     Montanez argues that "this is a rather average burglary offense, of the type likely anticipated by the legislature in crafting the statute and advisory sentence . . . . Hence, under the nature of the offense, the advisory sentence appears to be the appropriate starting point." Appellant's Br. p. 6. We acknowledge that the nature of Montanez's offense was not particularly aggravating and alone might not support the sentence imposed.

[8]     It is Montanez's character, however, that is significantly aggravating. Specifically, Montanez has amassed thirteen felony and twenty-six misdemeanor convictions over the past three decades. The offense in this case is his ninth felony burglary conviction. He has also violated both probation and parole. His former contacts with the law have not caused him to reform himself. *See Jenkins v. State,* 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied.* Montanez has failed to persuade this Court that his six-year sentence is inappropriate.

[9]     We affirm.

Robb, J., and Pyle, J., concur.